# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

MARIA DEL ROSARIO VAZQUEZ RAMIREZ,

Petitioner,

v.

MARKWAYNE MULLIN, et al.,

Respondents.

Case No. 5:26-cv-06810-SRM-SK

**ORDER CONDITIONALLY GRANTING UNOPPOSED HABEAS PETITION**

A File No. 234-191-308

The counseled petition for a writ of habeas corpus under 28 U.S.C. § 2241 filed on November 12, 2026 is deemed unopposed by respondents in accordance with this court's November 13, 2026 order to show cause. (ECF 6, 7). Evidently only after receiving that show-cause order, however, petitioner's counsel filed a consent under 28 U.S.C. § 636 on November 15, 2026—two days after declining that same consent. (ECF 4, 8). There are, of course, no "adverse substantive consequences" for a party's decision whether to consent under § 636(c). Fed. R. Civ. P. 73(b)(2); *see* 1993 Adv. Comm. Notes to Fed. R. Civ. P. 73 (distinguishing between substantive and procedural consequences). And for immigration-detention petitions under § 2241, the government has provisionally tendered blanket consent subject to its right to withdraw consent in a particular case. *See* G.O. 26-05, ¶ 1. In that procedural posture, then, the unopposed § 2241 petition is CONDITIONALLY GRANTED, subject to the district judge's discretion to reject petitioner's (tactically timed) consent or the government's right to withdraw consent in this particular case. *See id.*

IT IS THUS ORDERED that **Maria Del Rosario Vazquez Ramirez (A# 234-191-308)** be released from ICE detention no later than two calendar days from this order on an administrative bond no less than $1,500 or under a written order of release on recognizance (OREC) with petitioner's signed acknowledgment, unless before then the district judge refuses to accept petitioner's consent or the government files a notice of withdrawal of consent.[1]

Otherwise, this court would retain jurisdiction to enforce that order once final judgment is entered if petitioner is arrested and re-detained in violation of the Immigration and Nationality Act and the agency's implementing regulations for revocation of conditional release as authorized by 8 U.S.C. § 1226(b)—including 8 C.F.R. § 212.5(e)(2)(i), § 236.1(c)(9), or § 241.4(l). *See generally Cheng v. Warden of Adelanto ICE Proc. Ctr.*, --- F. Supp. 3d ---, 2026 WL 2629685 (C.D. Cal. Sept. 7, 2026).

Judgment will be entered accordingly upon written confirmation of petitioner's release from ICE detention or within two calendar days of this order, whichever occurs first.

IT IS SO ORDERED.

DATED: November 17, 2026

STEVE KIM
United States Magistrate Judge

[1] Nothing in this order prejudices petitioner's rights in her removal proceedings or pending applications for relief from removal, nor does anything ordered here prevent petitioner from seeking all available administrative remedies including on the need for specific conditions of release (if any) with bond or OREC.